Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FERNANDO ACTEOPAN and GUILLERMO GUERRERO, *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

MARRAFLO MAINTENANCE CONTRACTING INC. (D/B/A MARRAFLO), PAVILLION CONTRACTING INC., JEANRICH MANAGEMENT INC. (D/B/A MARRAFLO), and REY J. NIETO,

*Defendants.*

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiffs Fernando Acteopan ("Plaintiff Acteopan") and Guillermo Guerrero ("Plaintiff Guerrero") (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Marraflo Maintenance Contracting Inc. (d/b/a Marraflo), Pavillion Contracting Inc., and Jeanrich Management Inc. (d/b/a Marraflo) (collectively, "Defendant Corporations"), and Rey J. Nieto ("Individual Defendant") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants Marraflo Maintenance Contracting Inc. (d/b/a Marraflo), Pavillion Contracting Inc., Jeanrich Management Inc. (d/b/a Marraflo), and Rey J. Nieto.

2. Defendants own, operate, or control a maintenance and contracting business located at 1087 Jackson Avenue, Long Island City, New York 11101, under the name "Marraflo," which provides services at locations including Berkeley College, 3 East 43rd Street, New York, New York 10017, where Plaintiffs were assigned to work.

3. Upon information and belief, Individual Defendant Rey J. Nieto serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the business as a joint or unified enterprise.

4. Defendants paid Plaintiffs a fixed weekly salary that for certain periods, fell below the applicable New York City minimum wage for the hours they worked.

5. Plaintiffs frequently worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked over 40.

6. Defendants failed to pay Plaintiff Acteopan any wages for his final week of work and, throughout his employment, paid Plaintiff Acteopan his wages approximately three weeks after the end of the week in which they were earned.

7. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for unpaid minimum wages, overtime wages, spread of hours pay, unpaid and untimely paid wages, and other violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the minimum wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, Parts 141 and 142, including applicable liquidated damages, interest, attorneys' fees, and costs.

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b), and as a class action on behalf of themselves and all other similarly situated employees and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to their claims under the NYLL.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiffs were employed by Defendants at Berkeley College, 3 East 43rd Street, New York, New York 10017, which is located in this District.

## PARTIES

*Plaintiffs*

13. Plaintiff Fernando Acteopan is an adult individual residing in Queens County, New York.

14. Plaintiff Acteopan was employed by Defendants from approximately November 5, 2025 until on or about August 21, 2026.

15. Plaintiff Guillermo Guerrero is an adult individual residing in Kings County, New York.

16. Plaintiff Guerrero was employed by Defendants from approximately February 2019 until on or about December 31, 2025.

17. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled a maintenance and contracting business that provided cleaning and custodial services at Berkeley College, 3 East 43rd Street, New York, New York 10017, as well as construction work.

19. Upon information and belief, Marraflo Maintenance Contracting Inc. (d/b/a Marraflo) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1087 Jackson Avenue, Long Island City, New York 11101.

20. Upon information and belief, Pavillion Contracting Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10-51 49th Avenue, Long Island City, New York 11101.

21. Upon information and belief, Jeanrich Management Inc. (d/b/a Marraflo) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1087 Jackson Avenue, Long Island City, New York 11101.

22. Defendant Rey J. Nieto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rey J. Nieto is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rey J. Nieto possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a maintenance and contracting business based in Long Island City, New York, that provides cleaning, custodial, and construction services at locations in New York City, including Berkeley College in Manhattan.

24. Individual Defendant Rey J. Nieto possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. For example, from approximately January 2021 until approximately April 2023, Defendants reassigned Plaintiff Guerrero from Berkeley College to construction work, and during that period his wages were paid by Defendant Pavillion Contracting Inc. In approximately May 2023, Defendants returned Plaintiff Guerrero to Berkeley College.

27. Defendants also shared supervisory personnel. For example, Defendants' supervisor Emerit Vonmarsenbach (known to Plaintiff Guerrero as "Emery") supervised Plaintiffs at Berkeley College.

28. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31. Upon information and belief, Individual Defendant Rey J. Nieto operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b. defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e. operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations,

f. intermingling assets and debts of his own with Defendant Corporations,

g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h. other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33. In each year from 2023 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used by Plaintiffs and other employees on a daily basis, such as cleaning supplies, chemicals, and equipment, were produced outside the State of New York.

*Individual Plaintiffs*

35. Plaintiffs are former employees of Defendants who were employed to perform cleaning, custodial, and related work.

36. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Fernando Acteopan*

37. Plaintiff Acteopan was employed by Defendants from approximately November 5, 2025 until on or about August 21, 2026.

38. Defendants employed Plaintiff Acteopan as a cleaner (custodian/janitor) at Berkeley College, 3 East 43rd Street, New York, New York 10017.

39. Plaintiff Acteopan regularly handled goods in interstate commerce, such as cleaning supplies and other supplies produced outside the State of New York.

40. Plaintiff Acteopan's work duties required neither discretion nor independent judgment.

41. Plaintiff Acteopan's work consisted of physical labor, and more than twenty-five percent of his working time was spent performing physical labor. Plaintiff Acteopan was a "manual worker" within the meaning of NYLL § 190(4).

42. From approximately November 5, 2025 until on or about December 31, 2025, Plaintiff Acteopan was scheduled to work from approximately 7:00 a.m. until on or about 3:00 p.m., Mondays through Fridays.

43. From approximately January 2026 until on or about August 21, 2026, Plaintiff Acteopan was scheduled to work from approximately 2:00 p.m. until on or about 10:00 p.m., five days a week.

44. Throughout his employment, Plaintiff Acteopan frequently was required to work approximately two hours beyond his scheduled shift (typically 35 to 45 hours per week).

45. Throughout his employment, Defendants paid Plaintiff Acteopan his wages by check.

46. From approximately November 5, 2025 until on or about August 14, 2026, Defendants paid Plaintiff Acteopan a fixed salary of $600 per week.

47. Defendants never paid Plaintiff Acteopan overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

48. Although Defendants paid Plaintiff Acteopan on a weekly basis, Defendants consistently paid Plaintiff Acteopan his wages approximately three weeks after the end of the week in which those wages were earned.

49. Defendants' late payment of Plaintiff Acteopan's wages was not an isolated occurrence; it was Defendants' regular practice and occurred in every week of his employment.

50. Defendants did not pay Plaintiff Acteopan any wages for his final week of work, from approximately August 15, 2026 until on or about August 21, 2026.

51. Defendants terminated Plaintiff Acteopan's employment on or about August 24, 2026. To date, Defendants have not paid Plaintiff Acteopan the wages he earned during his final week of work.

52. Defendants did not require Plaintiff Acteopan to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Acteopan regarding overtime and wages under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Acteopan an accurate statement of wages, as required by NYLL § 195(3).

55. Defendants did not give any notice to Plaintiff Acteopan, in English and in Spanish (Plaintiff Acteopan's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

56. As a result of Defendants' failure to provide Plaintiff Acteopan with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Guillermo Guerrero*

57. Plaintiff Guerrero was employed by Defendants from approximately February 2019 until on or about December 31, 2025.

58. Defendants employed Plaintiff Guerrero as a cleaner (custodian/janitor) at Berkeley College, 3 East 43rd Street, New York, New York 10017, except that from approximately January 2021 until approximately April 2023, Defendants assigned Plaintiff Guerrero to construction work.

59. Plaintiff Guerrero regularly handled goods in interstate commerce, such as cleaning supplies and other supplies produced outside the State of New York.

60. Plaintiff Guerrero's work duties required neither discretion nor independent judgment.

61. Plaintiff Guerrero was hired by Defendant Rey J. Nieto. Defendants' supervisor known to Plaintiff Guerrero as Andres set Plaintiff Guerrero's work schedule, told him when to report to work and when he could leave, and handed him his wages each week.

62. Plaintiff Guerrero frequently worked in excess of 40 hours per week.

63. From approximately November 2020 until approximately December 2020, Plaintiff Guerrero worked from approximately 6:00 p.m. until on or about 12:00 a.m., five days a week, and frequently was also required to work on Saturdays (typically 27.5 to 33 hours per week).

64. From approximately January 2021 until approximately April 2023, Plaintiff Guerrero worked in construction from approximately 8:00 a.m. until on or about 4:00 p.m., five days a week, and frequently was also required to work on Saturdays (typically 37.5 to 45 hours per week).

65. From approximately May 2023 until on or about December 31, 2025, Plaintiff Guerrero worked at Berkeley College from approximately 8:00 a.m. until on or about 4:00 p.m., five days a week, and frequently was also required to work on Saturdays (typically 37.5 to 45 hours per week).

66. In addition, Plaintiff Guerrero frequently was required to stay approximately two to three hours past his scheduled shift, without additional compensation.

67. As a result, from approximately January 2021 until approximately April 2023, while Plaintiff Guerrero performed construction work for Defendants, his workday frequently exceeded 10 hours from start to finish, and Defendants never paid him an additional hour's pay at the minimum wage for each day his spread of hours exceeded ten hours.

68. Throughout his employment, Defendants paid Plaintiff Guerrero his wages by check.

69. Throughout his employment, Defendants paid Plaintiff Guerrero a fixed salary of approximately $600 per week.

70. From approximately January 2021 until approximately April 2023, Plaintiff Guerrero's wages were paid by Defendant Pavillion Contracting Inc.

71. Plaintiff Guerrero's pay did not vary even when he was required to stay later or work an additional day.

72. Defendants never paid Plaintiff Guerrero overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

73. Defendants did not require Plaintiff Guerrero to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

74. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Guerrero regarding overtime and wages under the FLSA and NYLL.

75. Defendants did not provide Plaintiff Guerrero an accurate statement of wages, as required by NYLL § 195(3).

76. Defendants did not give any notice to Plaintiff Guerrero, in English and in Spanish (Plaintiff Guerrero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

77. As a result of Defendants' failure to provide Plaintiff Guerrero with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

78. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

79. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and NYLL by, *inter alia*, not paying them the wages they were owed for the hours they worked.

80. Defendants paid Plaintiffs a fixed weekly salary that did not account for the number of hours they actually worked.

81. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

85. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

86. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

87. Defendants' failure to pay Plaintiffs and other similarly situated employees the required minimum wage and overtime compensation was willful.

88. As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## **FLSA COLLECTIVE ACTION CLAIMS**

89. Plaintiffs bring their FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three

years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

90. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

91. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

92. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

93. Plaintiffs bring their New York Labor Law minimum wage, overtime, spread of hours, unpaid and untimely paid wages, wage notice, wage statement, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York as cleaners, custodians, porters, janitors, construction workers, or other non-exempt employees, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

94. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number depends are presently within the sole control of Defendants, upon information and belief, there are more than forty members of the Class during the Class Period.

95. There are questions of law and fact common to the Class including:

a. What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. Whether Defendants paid the Class members a fixed weekly salary that did not account for the number of hours they worked;

c. Whether Defendants failed and/or refused to pay the Class members the minimum wage and overtime at the premium rate within the meaning of the NYLL;

d. Whether Defendants failed to pay the Class members their wages weekly and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191(1)(a);

e. Whether Defendants failed to provide the Class members the wage notices and wage statements required by NYLL §§ 195(1) and 195(3);

f. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work; and

g. Whether Defendants are joint employers of the Class members, and whether Defendant Rey J. Nieto is individually liable as their employer.

96. The claims of the representative parties are typical of the claims of the Class. Plaintiffs and the other Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of minimum wage and overtime, late payment of wages, and failure to keep required records and provide required notices. The job duties of the named Plaintiffs were and are typical of those of the Class members.

97. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

98. The common questions of law and fact predominate over questions affecting only individual members.

99. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

100. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

101. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

103. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

104. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(r)-(s).

105. Defendants, in violation of 29 U.S.C. § 206(a), failed to pay Plaintiff Acteopan any wages for the hours he worked during his final week of employment, and failed to pay him his minimum wages promptly when due.

106. Defendants' failure to pay Plaintiff Acteopan the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

107. Plaintiff Acteopan was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

108. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110. Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

111. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

112. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

114. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, including 12 N.Y.C.R.R. Parts 141 and 142, paid Plaintiffs (and the Class members) less than the minimum wage.

115. Defendants' failure to pay Plaintiffs (and the Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

116. Plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

117. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

119. Defendants' failure to pay Plaintiffs (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

120. Plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

121. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122. Defendants failed to pay Plaintiff Guerrero (and the Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day his spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4.

123. Defendants' failure to pay Plaintiff Guerrero (and the Class members) an additional hour's pay for each day his spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

124. Plaintiff Guerrero (and the Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

125. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126. Defendants failed to provide Plaintiffs (and the Class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

127. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

128. Defendants are liable to each Plaintiff (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

129. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130. With each payment of wages, Defendants failed to provide Plaintiffs (and the Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

131. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

132. Defendants are liable to each Plaintiff (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT OF WAGES PROVISIONS OF THE NEW YORK LABOR LAW

133. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134. At all times relevant to this action, Plaintiff Acteopan was a manual worker within the meaning of NYLL § 190(4).

135. Defendants, in violation of NYLL § 191(1)(a), failed to pay Plaintiff Acteopan his wages weekly and not later than seven calendar days after the end of the week in which those wages were earned.

136. Defendants, in violation of NYLL §§ 191(1)(a) and 191(3), failed to pay Plaintiff Acteopan the wages he earned during his final week of work, not later than the regular pay day for the pay period during which his employment was terminated, or at any time thereafter.

137. As a result of Defendants' failure to timely pay Plaintiff Acteopan his wages, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 191.

138. Plaintiff Acteopan is entitled to recover from Defendants his unpaid wages, liquidated damages, and interest pursuant to NYLL §§ 198 and 663, damages for the late payment of his wages pursuant to NYLL § 198(1-a), and reasonable attorneys' fees and costs.

139. Plaintiff Acteopan was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Certifying this action as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class, designating Plaintiffs as class representatives, and designating Plaintiffs' counsel as class counsel;

(c) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Acteopan;

(d) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(e) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(g) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and overtime compensation under the FLSA as applicable;

(h) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Class members;

(j) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Class members;

(k) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiff Guerrero and the Class members;

(l) Declaring that Defendants violated the timely payment of wages provisions of the NYLL, including NYLL § 191, as to Plaintiff Acteopan;

(m) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(n) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs and the Class members;

(o) Awarding Plaintiffs and the Class members damages for the amount of unpaid minimum wage, overtime compensation, and spread of hours pay under the NYLL as applicable, and awarding Plaintiff Acteopan damages for his unpaid and untimely paid wages pursuant to NYLL §§ 191 and 198;

(p) Awarding Plaintiffs and the Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(q) Awarding Plaintiffs and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable, and liquidated damages pursuant to NYLL §§ 198(1-a) and 198(3);

(r) Awarding Plaintiffs, the FLSA Class members, and the Class members pre-judgment interest, including pre-judgment interest at the rate of nine percent per annum on their NYLL claims pursuant to N.Y. C.P.L.R. §§ 5001 and 5004, and post-judgment interest as applicable;

(s) Awarding Plaintiffs, the FLSA Class members, and the Class members the expenses incurred in this action, including costs and attorneys' fees;

(t) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 6, 2026

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

By: /s/ *Michael Faillace*
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

August 25, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Fernando Acteopan

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ____________________

Date / Fecha: August 25, 2026

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com


February 10, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Guillermo Guerrero

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: Guillermo Guerrero

Date / Fecha: February 10, 2026